UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CANDY L. STOMER, <br><br> Plaintiff, <br><br> v. <br><br> UNITED COLLECTION BUREAU, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:22-cv-00338 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CANDY L. STOMER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of UNITED COLLECTION BUREAU, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq.*, stemming from Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Santa Fe, Texas, within the Southern District of Texas.

5. Defendant is a third-party debt collector collecting upon delinquent debts from consumers across the country, including from those in the state of Texas. Defendant is a corporation organized under the laws of the state of Ohio with its principal place of business located at 5620 Southwyck Boulevard, Toledo, Ohio 43614.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of the nature of Defendant's attempt to collect on a medical debt ("subject consumer debt") purported to be owed by Plaintiff.

8. Based on information and belief, sometime after Plaintiff defaulted on the subject consumer debt, Defendant obtained the right to collect upon such.

9. In or about the early part of 2022, Defendant began calling Plaintiff on her personal cellular phone number (281) XXX-9640, and did so numerous times, seeking payment for the subject consumer debt.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in -9640. Plaintiff is, and always has been, financially responsible for the phone and its services.

11. Defendant has primarily used the phone number (800) 297-6901 when placing calls to Plaintiff, but upon information and belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the Defendant's aforementioned phone number is regularly utilized by Defendant during its debt collection activities.

13. In or about early 2022, upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

14. While on one such call with Defendant, Plaintiff demanded that Defendant cease in calling her.

15. Despite Plaintiff's demands, Defendant continued to repeatedly call Plaintiff, seeking payment for the subject consumer debt.

16. Plaintiff has received numerous and repeated phone calls from Defendant since demanding that their harassing phone calls cease, including multiple phone calls on the same day.

17. Frustrated, distressed, and concerned with Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights, exhausting time, money and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection telephone calls, emotional distress, and numerous violations of her state and federally-protected interests to be free from harassing and abusive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others, and further, is a business whose principal purpose is the collection of debts.

24. The subject consumer debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

    a.  **Violations of FDCPA § 1692d & 12 C.F.R. § 1006.14.**

25. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

26. The newly amended Regulation F provides further guidance on what circumstances constitute harassing and oppressive debt collection conduct. 12 C.F.R. § 1006.14(b)(2) provides guidance on when calls are made repeatedly and continuously, and debt collectors are presumed to comply with these provisions if they follow certain guidelines. However, the commentary thereto confirms that this presumptive compliance can be rebutted by several factors, including "[t]he content of a person's prior communications with the debt collector." Examples of prior communications with consumers that can evince an intent to harass through phone calls include

4

calls following a demand that such calls cease, and similarly following a consumer informing a debt collector that they refuse to pay the debt.

27. Additionally, pursuant to 12 C.F.R. § 1006.14(h), a debt collector cannot "communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person."

28. Defendant violated §§ 1692d & 1692d(5), and 12 C.F.R. §§ 1006.14(b)(2) & 1006.14(h) through its harassing and noncompliant collection campaign directed towards Plaintiff. Plaintiff notified Defendant that its calls were not welcome and needed to cease. Defendant knew that its continued placement of phone calls would be unwelcome to Plaintiff, yet nevertheless persisted, illustrating its intent to harass Plaintiff through its phone calls. Defendant's harassing intent can be further inferred upon considering the nature and pattern of its phone call campaign. Further, upon becoming aware of Plaintiff's desire to receive no further collection calls regarding the subject consumer debt, Defendant was obligated to cease utilizing such medium of communication in its efforts to collect the subject consumer debt from Plaintiff – however, such calls persisted notwithstanding Defendant's obligation to cease. Defendant engaged in this harassing and noncompliant conduct in an effort to harass and annoy Plaintiff into addressing the subject consumer debt.

   b. **Violations of FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. Defendant violated §§ 1692e and 1692e(10) when it deceptively continued communicating with Plaintiff through her cellular phone despite Plaintiff having made Defendant aware such communications were unwanted and needed to cease. Defendant falsely and deceptively represented its ability to continue such calls since, under the binding regulations, Defendant was precluded from engaging in such conduct. Defendant's deceptive conduct was designed to compel Plaintiff's payment on the subject consumer debt through undue and deceptive means.

   c. **Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated § 1692f by contacting Plaintiff via telephone after she specifically demanded that such calls cease.

WHEREFORE, Plaintiff, CANDY L. STOMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "debt collector" and/or "third party debt collector" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

37. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

39. Defendant violated the TDCA when it called Plaintiff after she demanded it not do so.

40. Further, in light of the conversations between Plaintiff and Defendant, Defendant violated the TDCA by harassing Plaintiff with phone calls, especially in light of its intention to do so knowing that its calls were unwelcomed and it was demanded that such cease.

    b. **Violations of TDCA § 392.304**

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

42. Defendant violated the above-referenced portion of the TDCA in much the same way it violated 15 U.S.C. §§ 1692e of the FDCPA.

WHEREFORE, Plaintiff, CANDY L. STOMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding Plaintiff any other relief as this Honorable Court deems just and appropriate.

Dated: September 15, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Federal I.D. No. 3098183
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com